HELENE N. WHITE, Circuit Judge
(concurring).
I write separately to make clear that my concurrence is based on the deference owed to the district court as finder of fact, and on the unique facts of the case. I do not regard Monea’s retention of considerable control over the diamond and the trustee as invalidating an intended gift to the trust, if such a gift was in fact intended.
The trust at issue here was a family trust, created by Monea’s ex-wife for Monea and their children. The ex-wife did not fund the trust, except in an insignificant amount. Apparently, the parties contemplated that Monea would do so if he chose. In such situations, it is common for the co-beneficiary/parent/donor to give assets to the trust and simultaneously exercise a significant degree of control over the assets. It is also common for settlors of trusts, or beneficiaries granted the power, to name trustees over whom they have considerable control. Although this degree of control may possibly have tax consequences, it does not negate the fact that the assets are owned by the trust.
Under the circumstances here, I do not think it was necessary for Monea to do more than declare the diamond to be a trust asset and so inform the trustee. It has been said that bad facts make bad law, and I am concerned that we not do so here. Had Monea not been involved in money laundering, but had remarried and left the residuary of his estate to his second wife, I doubt that we would hold that *280 his retained control of the management of the diamond rendered it an asset of his estate, belonging to his second wife, rather than an asset of the trust, belonging to his children.
Notwithstanding these observations, however, I concur in the affirmance because I believe that there were circumstances from which the district court could have concluded that Monea’s retained control and other conduct reflected that he intended that the diamond be an asset of the trust in name only, and did not intend to transfer true ownership to the trust. Although the district court’s analysis proceeded along a different path, I understand this to be the import of the district court’s observation that “While Monea consistently shopped the diamond to buyers and investors, there is no evidence that he did so with authority from the Trustee. Rather, the evidence indicates that Monea always treated the diamond as his own, despite his representations that it was an asset of the estate.” On this basis, I concur.